**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO CHIPANA-NUNEZ, A.K.A. Luis Albert Chipana, Sr., <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71768 <br><br> Agency No. A093-469-259 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Luis Alberto Chipana-Nunez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010), and we deny the petition for review.

The record does not compel the conclusion that Chipana-Nunez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a). Accordingly, his asylum claim fails.

With respect to withholding of removal, Chipana-Nunez does not claim he suffered any harm in Peru in the past, but he fears returning to Peru because of the Shining Path. Substantial evidence supports the BIA's finding that Chipana-Nunez has not established a clear probability of persecution on account of a protected ground. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Chipana-Nunez's CAT claim fails because the record evidence does not show it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Peru. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**